UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CASE NO. 5:17-cr-00334 |
| Plaintiff, | : | ORDER |
|  | : | [Resolving Doc. 29] |
| v. | : |  |
| TREY W. MOORE | : |  |
| Defendant. | : |  |

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

Defendant Trey Moore moves pro se for a sentence modification, available to defendants under 18 U.S.C. § 3582(c)(1)(A)(i).[1] Moore is currently serving a twenty-two month sentence after pleading guilty to one count of felon in possession of a firearm and ammunition, see 18 U.S.C. § 911(g)(1), 18 U.S.C. § 924(a)(2).[2] Moore says that his stepfather's ailing health is an extraordinary and compelling circumstance requiring relief.[3]

For the following reasons, the Court **DENIES** Defendant Moore's motion for a sentence reduction.

### I. LEGAL STANDARD

"Generally speaking, once a court has imposed a sentence, it does not have the authority to change or modify that sentence unless such authority is expressly granted by statute."[4] However, under 18 U.S.C. § 3582(c)(1)(A), a district court may reduce a

---

[1] Doc. 29.
[2] Doc. 25, PageID #: 121-22. Moore had recently been serving a seven-year state sentence for a separate offense. Doc. 21 (Sealed), PageID #: 92. His state sentence ended on December 27, 2023. *Id.*
[3] Doc. 29. The government filed a response in opposition. *See* Doc. 30.
[4] *United States v. Alexander*, 951 F.3d 706, 707 (6th Cir. 2019); 18 U.S.C. § 3582(c).

Case No. 5:17-cr-00334
GWIN, J.

defendant's sentence upon a motion from the defendant if the defendant filed the motion thirty or more days after the defendant sent a compassionate release request to their warden.[5]

If a defendant's compassionate releasee motion meets this exhaustion requirement, the court then considers three factors in deciding whether to grant the compassionate release motion. First, the court must decide "whether extraordinary and compelling reasons warrant a sentence reduction."[6] Second, the court must ensure that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."[7] Finally, the court must consider all relevant 18 U.S.C. § 3553(a) factors.[8]

## II. DISCUSSION

Moore has not met 18 U.S.C. § 3582(c)(1)(A)'s exhaustion requirement, and so his motion is **DENIED**. Moore does not mention that he has contacted the federal prison warden regarding filing a sentence modification or compassionate release motion on his behalf.[9] He also does not provide evidence to that effect.[10]

Because Moore has not shown that he has exhausted his administrative remedies, the Court need not consider 18 U.S.C. § 3582(c)(1)(A)'s substantive requirements.[11] The Court will briefly address that even if Moore had exhausted his administrative remedy, he has not shown extraordinary and compelling reasons and the 18 U.S.C. § 3553(a) factors weigh against modifying his sentence.

---

[5] 18 U.S.C. § 3582(c)(1)(A); *see also United States v. Alam*, 960 F.3d 831, 834–35 (6th Cir. 2020).
[6] *United States v. Jones*, 980 F.3d 1098, 1107–08 (6th Cir. 2020) (quotation marks omitted).
[7] *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021).
[8] *Id.*
[9] Doc. 29.
[10] *Id.*
[11] Elias, 984 F.3d at 519 ("[D]istrict courts may deny compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others.").

Case No.5:17-cr-00334
GWIN, J.

Moore's only provided extraordinary and compelling reason is his stepfather's "serious health issues."[12] Moore says that his stepfather's poor health burdens his mother.[13] Moore wishes to help his mother care for his stepfather.[14]

Although caretaking for a parental figure may, in certain instances, be an extraordinary and compelling circumstance,[15] Moore has not shown that such is the case here. Moore does not describe his stepfather's illness, nor does he provide physician records or other medical records to support his assertions.[16] Moore gives no description of whether other family members could assist his mother. Moore also does not suggest that any other extraordinary and compelling reasons exist.

And, Moore has not shown how the 18 U.S.C. § 3553(a) factors weigh in favor of modifying his sentence. Moore is incarcerated for a firearm possession offense relating to his June 7, 2017 conduct, where he struggled with police and resisted arrest during a traffic stop.[17] At the time, Moore was on bond for a different state offense, which involved Moore possessing and discharging a firearm while police were investigating a burglary.[18]

The Court took Moore's significant criminal history into consideration when imposing a sentence within the Sentencing Guidelines. Moore has not shown how he no longer poses a danger to the community, based on the nature and circumstances of his current offense and criminal history.[19]

---

[12] Doc. 29.
[13] *Id.*
[14] *Id.*
[15] *See* U.S. Sent'g Guidelines Manual § 1B1.13(b)(3)(C) (U.S. Sent'g Comm'n 2023).
[16] Doc. 29.
[17] Doc. 18 (Sealed), PageID #: 57.
[18] *Id.*, PageID #: 64.
[19]

Case No. 5:17-cr-00334
GWIN, J.

### III. CONCLUSION

Although the Court liberally construes Moore's pro se filing,[20] it cannot overcome these deficiencies. For the foregoing reasons, the Court **DENIES** Moore's motion for a sentence modification.

IT IS SO ORDERED.

Dated: January 17, 2024       *s/   James S. Gwin*
                     JAMES S. GWIN
                     UNITED STATES DISTRICT JUDGE

---

[20] *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (internal quotation marks omitted).